IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMAN CHOWDHURY** : <br> 1440 N Street, N.W., #204 : <br> Washington, D.C. 20005 : <br> : Case No.: <br> Plaintiff, : <br> : <br> v. : **JURY DEMAND** <br> : <br> **TOWNE TERRACE** : <br> **WEST CONDOMINIUM** : <br> 1440 N Street, N.W. : <br> Washington, D.C. 20005 : <br> : <br> AND : <br> : <br> **ARMSTRONG MANAGEMENT** : <br> **SERVICES, INC.** : <br> 6074 Franconia Road : <br> Alexandria, VA 22310 : <br> : <br> Defendants. : <br> _____: | |

## **COMPLAINT**

1. COMES NOW the Plaintiff, Jaman Chowdhury, by and through counsel, The Law Office of Jimmy A. Bell, P.C., a professional corporation, and Jimmy A. Bell, Esquire, and respectfully presents this complaint against the Defendants, Towne Terrace West Condominium and Armstrong Management Services, Inc., to enforce his civil rights under 42 U.S.C. §1981 and the D.C. Human Rights Act.

## **JURISDICTION**

2. Jurisdiction of this court is based upon 42 U.S.C. §1981 and the D.C. Human Rights Act.

## VENUE

3. Venue is proper in the District of Columbia as Defendants operate a licensed business in the District of Columbia and the discriminatory acts complained of occurred within said jurisdiction.

## STATEMENT OF FACTS

4. Plaintiff Jaman Chowdhury currently resides at 1440 N Street, N.W., #204, Washington, D.C. 20005.

5. Plaintiff's race is Asian and his national origin is Bangladeshi.

6. The first named Defendant, Towne Terrace West Condominium, is located at 1440 N Street, N.W., Washington, D.C. 20005.

7. The second named Defendant, Armstrong Management Services, Inc., is located at 6074 Franconia Road, Alexandria, VA 22310.

8. Plaintiff has been a resident of Towne Terrace West Condominium for twenty (20) years and has been a unit owner since 2001.

9. Since Plaintiff purchased his unit in 2001, Defendants have continuously denied services to Plaintiff.

10. Defendants have also failed to address Plaintiff's noise complaints and requests for repairs in a timely manner.

11. Specifically, in January of 2002, Plaintiff began making complaints regarding a plumbing problem which affected his kitchen sink.

12. Defendants did not repair this problem until October of 2003, nearly two years after Plaintiff first made a complaint regarding this issue.

13. Since Plaintiff purchased his unit in 2001, Plaintiff has also made several complaints to

the Defendants requesting that Defendants enforce the bylaws regarding excessive noise in the unit adjacent to Plaintiff's own.

14. Defendants have never addressed Plaintiff's noise complaints.

15. When Plaintiff purchased his unit in 2001, Plaintiff requested that Defendants mark his parking space to indicate that it was for the sole use of the Plaintiff.

16. Defendants failed to mark Plaintiff's parking space.

17. On November 17, 2003, when an adjacent parking space owner verbally assaulted Plaintiff based on his race (Asian) and national origin (Bangladeshi), Plaintiff again requested that Defendants mark his parking space to indicate that it was for the sole use of the Plaintiff.

18. This verbal assault of Plaintiff took place in front of Defendants' management.

19. Plaintiff further reported the verbal assault to Defendants' Board of Directors at the next Board meeting.  However, the Board has failed to respond to Plaintiff's complaint.

20. As a result, Plaintiff lives in fear that he will again be confronted and verbally assaulted by the adjacent parking space owner.

21. In fact, Plaintiff has attended several of Defendants' Board meetings where his complaints have not been addressed.

22. However, other unit owners have made similar complaints during the same Board meetings and have received services in a timely manner, to include enforcement of the condominium bylaws.

23. These other unit owners were White males.

24. Moreover, Defendants' management staff, including Defendants' Assistant Manager,

treats Plaintiff in a disrespectful manner and verbally dismisses all of Plaintiff's complaints.

25. Plaintiff Jaman Chowdhury was treated differently from similarly situated White unit owners.

## COUNT I
## UNLAWFUL DISCRIMINATION IN VIOLATION OF
## CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1981

26. Plaintiff re-pleads and re-alleges paragraphs 1 through 25, with the same force and effect as if set forth separately at length herein.

27. 42 U.S.C. §1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

28. Jaman Chowdhury was discriminated against in the making of his housing contract with Defendants Towne Terrace West Condominium and Armstrong Managements Services, Inc.

29. Plaintiff Jaman Chowdhury made himself available to receive services offered by Defendants.

30. Plaintiff Jaman Chowdhury did not enjoy the services, privileges and benefits offered to persons outside the protected class. Defendants failed to address Plaintiff's complaints, failed to make requested repairs, and failed to enforce the condominium bylaws as they concerned the Plaintiff.

31. The factual circumstances rationally support an inference of unlawful discrimination

       based on race (Asian) and national origin (Bangladeshi).

32. Defendants acted in a markedly hostile manner and in a manner that a reasonable person would find objectively unreasonable.

33. Defendants intentionally discriminated against Plaintiff Jaman Chowdhury in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981, on account of his race (Asian) and national origin (Bangladeshi).

## COUNT II
## VIOLATION OF THE D.C. HUMAN RIGHTS ACT §2-1402.21

34. Plaintiff re-pleads and re-alleges paragraphs 1 through 33 with the same force and effect as if set forth separately at length herein.

35. D.C. Human Rights Act §2-1402.21 states that it shall be an unlawful discriminatory practice "[t]o refuse or restrict facilities, services, repairs or improvements for a tenant or lessee."

36. Plaintiff Jaman Chowdhury made himself available to receive services ordinarily provided by Defendants Towne Terrace West Condominium and Armstrong Management Services, Inc.

37. Defendants failed to address Plaintiff's complaints, failed to make requested repairs, and failed to enforce the condominium bylaws as they concerned the Plaintiff. The Plaintiff endured and continues to endure severe emotional distress.

38. The factual circumstances rationally support an inference of unlawful discrimination based on Plaintiff's race (Asian) and national origin (Bangladeshi).

39. As a direct and proximate result of the aforesaid deprivation of Plaintiff Jaman

Chowdhury's rights under the D.C. Human Rights Act **§**2-1402.21, the Plaintiff suffered damages.

40. Defendants Towne Terrace West Condominium and Armstrong Management Services, Inc. intentionally discriminated against Plaintiff Jaman Chowdhury based on Plaintiff's race (Asian) and national origin (Bangladeshi).

## RELIEF SOUGHT

41. Plaintiff re-pleads and re-alleges counts 1 through 40 with the same force and effect as if set forth separately at length herein.

42. Plaintiff Jaman Chowdhury requests the following relief:

43. Compensatory and punitive damages in the amount of two hundred fifty thousand dollars ($250,000.00).

44. Pre- and post- judgment interest.

45. The cost of litigation, including reasonable attorney's fees and expert witness fees.

46. Such other relief that may be just.

## JURY DEMAND

47. Plaintiff demands a trial by jury.

Respectfully submitted,

_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)

>Counsel for Plaintiff
>Bar No. MD 14639